**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 119747

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK DIVISION**

| | |
|---|---|
| Joseph Lugo, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Faloni Law Group, LLC and First Portfolio Ventures I, LLC,<br><br>Defendant. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Joseph Lugo, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Faloni Law Group, LLC ("Faloni") and First Portfolio Ventures I, LLC ("Portfolio") (collectively, "*Defendants*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).



Barshay | Sanders PLLC

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Joseph Lugo is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Faloni Law Group, LLC, is a New Jersey Limited Liability Company with a principal place of business in Essex County, New Jersey.

9. On information and belief, Defendant First Portfolio Ventures I, LLC, is a Georgia Limited Liability Company with a principal place of business in Gwinnett County, Georgia.

Barshay Sanders PLLC

## FACTUAL ALLEGATIONS

10. Defendant Faloni Law Group, LLC regularly collects or attempts to collect debts asserted to be owed to others.

11. Defendant Faloni Law Group, LLC is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

12. The principal purpose of Defendant Faloni Law Group, LLC's business is the collection of such debts.

13. Defendant Faloni Law Group, LLC uses the mails in its debt collection business.

14. Defendant First Portfolio Ventures I, LLC is in the business of purchasing consumer debts which are in default and collecting on same.

15. The principal purpose of Defendant First Portfolio Ventures I, LLC's business is the collection of such debts.

16. Defendant First Portfolio Ventures I, LLC is not the original creditor of any loan to Plaintiff.

17. On information and belief, based upon the representation contained in the collection letter more fully described *infra.*, the original creditor for the loan at issue was "Barclays Bank Delaware."

18. Defendant First Portfolio Ventures I, LLC uses the mails in its debt collection business.

19. On information and belief, Defendant First Portfolio Ventures I, LLC hired Defendant Faloni Law Group, LLC to collect the alleged Debt.

20. Defendant First Portfolio Ventures I, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

21. Defendant First Portfolio Ventures I, LLC is liable for its own actions, as well as the actions of its agent, Faloni Law Group, LLC.

22. Defendants allege Plaintiff owes a debt (the "alleged Debt").

23. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

24. The alleged Debt does not arise from any business enterprise of Plaintiff.

25. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Defendants for collection.

27. At the time the alleged Debt was assigned or otherwise transferred to Defendants for collection, the alleged Debt was in default.

28. In its efforts to collect the alleged Debt, Defendants contacted Plaintiff by letters including the letter dated April 7, 2020 (the "Letter"). (A true and accurate copy of the Letter is annexed hereto as Exhibit 1).

29. The Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

30. The Letter conveyed information regarding the alleged Debt.

31. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

32. The Letter was received and read by Plaintiff.

33. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendants deprived Plaintiff of this right.

Barshay Sanders PLLC

34. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendants. As set forth herein, Defendants deprived Plaintiff of this right.

35. Plaintiff's injury is "particularized" and "actual" in that the letter that caused the injury was addressed and sent to Plaintiff specifically.

36. Plaintiff's injury is directly traceable to Defendants' conduct, because Defendants sent the Letter.

37. A favorable judicial resolution of Plaintiff's case would redress Plaintiff's injury with damages.

38. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

39. Plaintiff has been misled by Defendants' actions.

40. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the Debt.

41. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause her unwarranted economic harm.

42. As a result of Defendants' conduct, Plaintiff was forced to hire counsel and therefore has incurred damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

43. As a result of Defendants' conduct, Plaintiff's counsel was forced to expend time and money to investigate the enforceability of the Debt.

44. Upon information and belief, Plaintiff can prove that all actions taken by Defendants as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

**FIRST COUNT**

45. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

46. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.



Barshay Sanders PLLC

47. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

48. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately state the amount of the debt.

49. A statement of "the amount of the debt," when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

50. The Letter claims that Plaintiff owed $8, 311.76 (the "Claimed Amount").

51. Plaintiff did not owe the Claimed Amount.

52. In fact, Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect.

53. Defendants' statement of the amount of the alleged Debt, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, violates 15 U.S.C. § 1692g(a)(1).

54. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

55. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

56. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

57. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false, deceptive and misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

58. Defendants' allegation that Plaintiff owed the Claimed Amount, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false, deceptive, and misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

59. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g(a)(1), 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

B | Barshay Sanders PLLC

Barshay | Sanders PLLC

**SECOND COUNT**

60. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

61. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

62. As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

63. To comply with 15 U.S.C. § 1692g(a)(2), the written notice must accurately state "the name of the creditor to whom the debt is owed."

64. A statement of "the name of the creditor to whom the debt is owed," when the consumer does not any money at all to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

65. The Letter claims the name of the creditor to whom the alleged Debt is owed is First Portfolio Ventures I, LLC (the "Putative Creditor").

66. Plaintiff did not owe the alleged Debt to the Putative Creditor.

67. The Putative Creditor never offered to extend credit to Plaintiff.

68. The Putative Creditor never extended credit to Plaintiff.

69. Plaintiff was never involved in any transaction with the Putative Creditor

70. Plaintiff never entered into any contract with the Putative Creditor

71. Plaintiff never did any business with the Putative Creditor.

72. Plaintiff was never indebted to the Putative Creditor

73. The Putative Creditor is a stranger to Plaintiff.

74. Defendants' statement that the Putative Creditor is "the name of the creditor to whom the debt is owed," when the Putative Creditor is not the name of the creditor to whom the alleged Debt is owed, violates 15 U.S.C. § 1692g(a)(2).

75. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

76. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

77. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

78. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false, deceptive, and misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

79. Defendants' allegation that Plaintiff owed a debt to the Putative Creditor, when Plaintiff did not owe a debt to the Putative Creditor, is a false, deceptive and misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

80. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g(a)(2), 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

**THIRD COUNT**

81. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

82. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

83. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

84. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

85. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

86. The Letter claims that Plaintiff owes a debt to First Portfolio Ventures I, LLC, on account of a debt that purportedly originated with an entity identified as "Barclays Bank Delaware."

87. Plaintiff was never advised by Barclays Bank Delaware that any debt allegedly owed by him was being sold to First Portfolio Ventures I, LLC.

88. Plaintiff was never advised by Barclays Bank Delaware that any debt allegedly owed by him was being assigned to First Portfolio Ventures I, LLC.

89. Plaintiff was never advised by Barclays Bank Delaware that any debt allegedly



Barshay | Sanders PLLC

owed by him was being transferred to First Portfolio Ventures I, LLC.

90. Plaintiff was never advised by First Portfolio Ventures I, LLC that it had purportedly purchased any debt allegedly owed by him to Barclays Bank Delaware.

91. Plaintiff was never advised by First Portfolio Ventures I, LLC that it had purportedly acquired any debt allegedly owed by him to Barclays Bank Delaware.

92. Plaintiff was never advised by First Portfolio Ventures I, LLC that it had purportedly been assigned any debt allegedly owed by him to Barclays Bank Delaware.

93. First Portfolio Ventures I, LLC is a stranger to Plaintiff.

94. Upon information and belief, First Portfolio Ventures I, LLC holds no legally cognizable right, title or interest in any debt Plaintiff allegedly owed to Barclays Bank Delaware.

95. Defendants' allegation that Plaintiff owed a debt to First Portfolio Ventures I, LLC, when Plaintiff did not owe a debt to First Portfolio Ventures I, LLC, is a false representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

96. Defendants' allegation that Plaintiff owed a debt to First Portfolio Ventures I, LLC, when Plaintiff did not owe a debt to First Portfolio Ventures I, LLC, is a deceptive representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

97. Defendants' allegation that Plaintiff owed a debt to First Portfolio Ventures I, LLC, when Plaintiff did not owe a debt to First Portfolio Ventures I, LLC, is a misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

98. Defendants' allegation that Plaintiff owed a debt to First Portfolio Ventures I, LLC, when Plaintiff did not owe a debt to First Portfolio Ventures I, LLC, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

99. Defendants' allegation that Plaintiff owed a debt to First Portfolio Ventures I, LLC, when Plaintiff did not owe a debt to First Portfolio Ventures I, LLC, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

100. Defendants' allegation that Plaintiff owed a debt to First Portfolio Ventures I, LLC, when Plaintiff did not owe a debt to First Portfolio Ventures I, LLC, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

Barshay Sanders PLLC

101. Defendants' allegation that Plaintiff owed a debt to First Portfolio Ventures I, LLC, when Plaintiff did not owe a debt to First Portfolio Ventures I, LLC, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

102. Defendants' allegation that Plaintiff owed a debt to First Portfolio Ventures I, LLC, when Plaintiff did not owe a debt to First Portfolio Ventures I, LLC, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

103. Defendants' demand that Plaintiff make payment for a debt that he does not owe is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

104. Defendants' request that Plaintiff make payment for a debt that he does not owe is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

105. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

**FOURTH COUNT**

106. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

107. 15 U.S.C. § 1692g(a) provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

108. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

109. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

110. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.



111. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

112. A debt collector has the obligation, not just to convey the required information, but also to convey such effectively.

113. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly, so that the least sophisticated consumer will not be uncertain as to her rights.

114. A debt collector has the obligation, not just to convey the required information, but also to convey such effectively, so that the least sophisticated consumer will not be uncertain as to her rights.

115. While the Letter purports to convey the validation notice required by 15 U.S.C. § 1692g(a), it does not.

116. The Letter reads as follows:

> Unless the consumer, notifies this office within thirty (30) days after receipt of this letter that the consumer disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. Failure to dispute the validity of the debt within the prescribed thirty (30) day period may not be construed by any court as an admission of liability on the consumer's part.
>
> If the consumer notifies us in writing within thirty (30) days after receipt of this letter that the debt, or any portion thereof, is disputed, our office will obtain verification of the debt or a copy of a judgment and a copy of such verification or judgment will be mailed to the consumer by the debt collector. We will also provide the consumer upon written request within the thirty (30) day period, the name and address of the original creditor, if different from the current creditor…

117. The validation notice as printed in the Letter is written in third-person tense.

118. The validation notice as printed in the Letter does not advise the recipient that it



Barshay Sanders PLLC

has anything to do with her.

119. The validation notice as printed in the Letter is deceptive as it leads the least sophisticated consumer to be confused as of her right to dispute the alleged Debt.

120. The validation notice as printed in the Letter provides the consumer no direction as to how to go about disputing her alleged Debt.

121. The least sophisticated consumer, when reading the Letter, would have no idea as to whether the notice is applicable to her.

122. The least sophisticated consumer, when reading the Letter, would have no idea as to whether she is being given the right to dispute the alleged Debt.

123. This defect renders the validation notice ineffective in violation of Section 1692g, and deceptive in violation of 15 U.S.C. §§ 1692e and 1692e(10).

124. On information and belief, the said letter is a standardized form letter.

125. On information and belief, Defendants' collection letters, such as the Letter herein, number in the hundreds.

126. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g(b) and 1692e and are liable to Plaintiff therefor.

Barshay Sanders PLLC

**CLASS ALLEGATIONS**

127. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

128. Plaintiff seeks to certify the following class:

129. All consumers to whom Defendants sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which Letter was sent on or after a date one year prior to the filing of this action to the present.

130. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

131. The Class consists of more than thirty-five persons.

132. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

133. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

134. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

Barshay | Sanders PLLC

## JURY DEMAND

135. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

c. Finding Defendant's actions violate the FDCPA; and

d. Awarding Plaintiff statutory damages in the amount of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A); and

e. Awarding Plaintiff's the costs of this action and reasonable attorneys' fees as provided under 15 U.S.C. § 1692k(a)(3); and

f. Awarding Plaintiff such other and further relief that the Court determines is just and proper.

DATED: February 18, 2021

**BARSHAY SANDERS, PLLC**

By: */s Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Email: csanders@barshaysanders.com
Tel: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 119747

